UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
RALPH I. MILLER, an individual, and as  :
Successor-in-Interest to Best-of-       :
China.com, Inc., a California           :
Corporation,                            :     06 Civ. 4452 (DLC)
                          Plaintiff,    :
                                        :      OPINION & ORDER
            -v-                         :
                                        :
IBM WORLD TRADE CORPORATION, IBM/CHINA  :
COMPANY, LTD., and IBM ENGINEERING      :
TECHNOLOGY (SHANGHAI) CO., LTD.,        :
                          Defendants.   :
                                        :
----------------------------------------X

Appearances:

For Plaintiff:
William F. Mueller
Clemente, Mueller & Tobia, P.A.
P.O. Box 1296
218 Ridgedale Avenue
Morristown, NJ 07962-1296

For Defendant IBM World Trade Corporation:
Loren Kieve
Quinn Emanuel Urquhart Oliver & Hedges LLP
50 California Street, 22nd Floor
San Francisco, CA 94111


DENISE COTE, District Judge:

     Plaintiff Ralph I. Miller ("Miller") brings this diversity

action for breach of contract, fraud, and related claims against

various IBM entities, following dissolution of Miller's

corporation Best-of-China.com, Inc. ("BCC").  This action

follows on the heels of a related action in the Northern

District of California (the "California Action"), where the claims against the three defendants named in this action were dismissed for lack of personal jurisdiction.  After this action was filed in the Southern District of New York, the remaining defendant in the California Action was granted summary judgment.

Defendant IBM World Trade Corporation ("IBM-WTC") moves to dismiss under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted.[1]  IBM-WTC argues that Miller's claims are barred by the statute of limitations.[2]  For the following reasons, IBM-WTC's motion is granted.

Background

The following facts are undisputed or taken from the complaint.  Miller was the Chairman and Chief Executive Officer of BCC, a California corporation, from its founding on October 1, 1999 to its dissolution on May 15, 2002.  This case arises from efforts by BCC to establish a web portal and e-commerce site for internet users in China and worldwide.  According to

---

[1] The remaining defendants do not join in IBM-WTC's motion to dismiss.  In fact, it does not appear that the remaining two defendants have even been served, although the complaint in this action was filed June 13, 2006.

[2] Because the motion to dismiss is granted on the statute of limitations ground, it is unnecessary to address IBM-WTC's argument that the plaintiff is collaterally estopped from pursuing these claims.

the Complaint, before BCC's formation, Charles Wu ("Wu"), the General Manager of International Business Machines ("IBM") offices in Shanghai, China, agreed, on behalf of IBM-WTC and other IBM entities, to form a strategic partnership with BCC, whereby the IBM entities would provide support, including machinery, to BCC.  Wu proposed a series of agreements, and based on these representations, Miller proceeded to form BCC and to secure funding.  Wu repeatedly represented that even if everything else failed, the value of the investment was in the machinery and could be recouped long after the purchase of the machinery.

BCC entered into a series of contracts with IBM-WTC, its parent company IBM, and its subsidiaries IBM/China Company, Ltd. ("IBM-China") and IBM Engineering Technology (Shanghai) Co., Ltd. ("IBM-Shanghai").  Under the contracts, the IBM entities were to provide BCC with development support, consulting services, software, and hardware to set up BCC's site, in exchange for cash and stock in BCC.  The agreements included the two contracts at issue here: the Subscription Agreement which was signed on December 31, 1999, and the Services Agreement which was signed on January 16, 2000.  The Subscription Agreement was negotiated on behalf of IBM and IBM-WTC by Wu, and just prior to signing, IBM asked that the subscribing party be

designated IBM-WTC.  Subsequently, IBM-WTC's rights were
assigned to IBM following an October 2, 2000 amendment ("Amended
Subscription Agreement").  Pursuant to the Subscription
Agreement, IBM-WTC agreed to furnish BCC certain discounts and
credits to be applied toward purchase of certain IBM hardware,
software, and services, in exchange for issuance of BCC stock.
The Services Agreement was negotiated by Wu and William Hui on
behalf of IBM-WTC and IBM-Shanghai, and provided that defendants
would provide certain products and services to BCC in exchange
for cash payments and BCC shares, in furtherance of the
Subscription Agreement.

Miller claims that defendants failed to deliver the
products and services as contracted for, and that defendants had
misrepresented facts in order to induce BCC to enter into the
agreements.  Miller first asserted these and other additional
claims pro se against IBM, IBM-WTC, IBM-China, and IBM-Shanghai
in the Northern District of California on April 30, 2002.  The
complaint was dismissed for lack of standing, and an amended
complaint was filed.  On December 2, the California court
granted IBM-WTC's motion to dismiss for lack of personal
jurisdiction and IBM's motion to dismiss for lack of standing
and for failure to state a claim.  On January 8, 2003, Miller as
a pro se plaintiff and BCC as a plaintiff-in-the-alternative

4

filed a second amended complaint, but on May 23, the California court again granted IBM's motion to dismiss for failure to state a claim, this time without leave to amend.  On August 7, the California court dismissed the claims against IBM-China and IBM-Shanghai because they had not been served, and dismissed the case in its entirety.

Miller appealed the August 7 decision, and on May 27, 2005, the Ninth Circuit affirmed the dismissal of IBM-WTC for lack of personal jurisdiction but reversed the dismissals of IBM, IBM-China, and IBM-Shanghai.  Miller v. Int'l Bus. Machs. Corp., 138 Fed. Appx. 12 (9th Cir. 2005).  In subsequent proceedings in the Northern District of California on remand, Miller was represented by present counsel.  On February 14, 2006, the Northern District of California granted IBM-China and IBM-Shanghai's motion to dismiss for lack of personal jurisdiction. Miller then filed this action in the Southern District of New York on June 13, against the three defendants who had been dismissed for lack of personal jurisdiction from the California Action.  On September 26, the Northern District of California granted summary judgment in favor of IBM on all claims and denied Miller's Rule 56(f), Fed. R. Civ. P., request for leave to take additional discovery.  Miller v. Int'l Bus. Mach. Corp.,

No. C02-2118 MJJ, 2006 WL 2792416 (N.D. Cal. Sept. 26, 2006)

("IBM Opinion").[3]


## Discussion

IBM-WTC moves to dismiss for failure to state a claim under
Rule 12(b)(6) on the ground that each of the claims against it
is barred by the statute of limitations.[4]  When considering a
motion to dismiss under Rule 12(b)(6), a trial court "must
accept as true all the factual allegations in the complaint and
draw all reasonable inferences in plaintiffs' favor."  In re
Tamoxifen Citrate Antitrust Litig., 466 F.3d 187, 200 (2d Cir.
2006) (citation omitted).  It may "dismiss a complaint only if
it is clear that no relief could be granted under any set of
facts that could be proved consistent with the allegations" set
forth therein.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514
(2002) (citation omitted); see also Twombly v. Bell Atl. Corp.,
425 F.3d 99, 106 (2d Cir. 2005).  Motions to dismiss based on
the statute of limitations are properly brought under Rule
12(b)(6).  McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004)

---

[3] A motion for reconsideration of the IBM Opinion is currently
pending in the Northern District of California.

[4] Miller has sought leave to file a sur-reply to IBM-WTC's motion
to dismiss.  IBM-WTC's reply raised no new arguments, and the
requested sur-reply by Miller merely repeats the arguments
already made in his opposition.  Therefore, Miller's request to
file a sur-reply is denied.

(citing <u>Ghartey v. St. John's Queens Hosp.</u>, 869 F.2d 160, 162
(2d Cir. 1989)).


I. Applicable Law

In diversity cases, "state statutes of limitations govern
the timeliness of state law claims."  <u>Schermerhorn v. Metro.</u>
<u>Transp. Auth.</u>, 156 F.3d 351, 354 (2d Cir. 1998) (citation
omitted); <u>see also</u> <u>Guaranty Trust Co. v. York</u>, 326 U.S. 99, 109-
12 (1945).  "To determine which state's law applies, a federal
court sitting in diversity must apply the conflict-of-laws rules
of the state in which the federal court sits."  <u>Cantor</u>
<u>Fitzgerald Inc. v. Lutnick</u>, 313 F.3d 704, 710 (2d Cir. 2002)
(citing <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496
(1941)).  New York applies a "borrowing statute" for actions
accruing outside of the state, and where the plaintiff is a
nonresident of New York, New York applies the shorter of the
statute of limitations between New York and the place where the
cause of action accrued:

> An action based upon a cause of action accruing
> without the state cannot be commenced after the
> expiration of the time limited by the laws of either
> the state or the place without the state where the
> cause of action accrued, except that where the cause
> of action accrued in favor of a resident of the state
> the time limited by the laws of the state shall apply.

N.Y. C.P.L.R. § 202.  "New York follows 'the traditional definition of accrual -- a cause of action accrues at the time and in the place of the injury.'"  Cantor Fitzgerald, 313 F.3d at 710 (citing Global Fin. Corp. v. Triarc Corp., 715 N.E.2d 482, 485 (1999)).  "Where, as here, the 'injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss.'"  Id. (citing Global Fin. Corp., 715 N.E.2d at 485).

This action is brought by Miller, a California resident; BCC is a California corporation.  Although IBM-WTC is a Delaware corporation with its principal place of business in New York, the injury here, arising from breach of contract and fraud relating to those contracts, is purely economic.  As IBM-WTC agrees and Miller does not challenge, the cause of action accrues in California where Miller is located.

Miller asserts five claims in this action:  (1) breach of contract for the Subscription Agreement; (2) breach of contract for the Services Agreement; (3) fraud; (4) breach of warranties; and (5) fraud related to computers under 18 U.S.C. § 1030(a). Under New York law, the statute of limitations for breach of contract is six years, N.Y. C.P.L.R. § 213(2); for fraud, the greater of six years from the date the cause of action accrued or two years from the time of reasonable discovery, id. (8); and

for breach of warranty, four years, N.Y. U.C.C. Law § 2-725. Under California law, the statute of limitations for breach of contract is four years, Cal. Civ. Proc. Code § 337; for fraud, three years from the date of discovery, id. § 338(d); and for breach of warranty, the same as New York, four years, Cal. Com. Code § 2725.  The statute of limitations for the computer fraud claim is, under federal statutory law, two years.  18 U.S.C. § 1030(g).

As the limitations period is the same for the breach of warranty and the computer fraud claims, the period of four years and two years will apply to those claims, respectively.  With regard to the contract and fraud claims, the shorter four-year California statute of limitations applies under the New York borrowing statute.[5]

The relevant time period for this action is between October 1999 and August 2001.  The Complaint is not entirely clear on the exact timing of the specific events relating to each cause

---

[5] Both IBM-WTC and Miller agree that California statute of limitations should apply.  IBM-WTC argued, and the Court agrees, that under New York's borrowing statute, California's statute of limitations should apply.  Miller relied on contractual choice-of-law clauses designating California law as the applicable law. In New York, however, courts apply "contractual choice of law clauses only to substantive issues," Educ. Resources Inst., Inc. v. Piazza, 794 N.Y.S.2d 65, 66 (App. Div. 2005), and statutes of limitation "are generally considered procedural because they are viewed as pertaining to the remedy rather than the right." Tanges v. Heidelberg N. Am., Inc., 710 N.E.2d 250, 253 (N.Y. 1999) (citation omitted).

of action, but the latest event to occur on the face of the
complaint was in August 2001.  Since this action was filed on
June 13, 2006, the statute of limitations has run for all of the
claims.[6]

II. Equitable Tolling

Miller concedes that the California statute of limitations
period has run, but argues for equitable tolling under
California law for the period between April 30, 2002 and May 27,
2005, while the IBM-WTC action was pending in the Northern
District of California and before the Ninth Circuit.  In
borrowing a foreign statute under the New York borrowing
statute, "all the extensions and tolls applied in the foreign
state must be imported with the foreign statutory period, so
that the entire foreign statute of limitations applies, and not
merely its period."  Smith Barney, Harris Upham & Co., Inc. v.
Luckie, 647 N.E.2d 1308, 1316 (N.Y. 1995) (citation omitted).

--------

[6] California has a tolling statute that tolls the statute of
limitations for absent defendants.  Cal. Civ. Proc. Code § 351.
The constitutionality of the tolling statute as applied against
foreign corporations, however, has been called into doubt under
the Commerce Clause.  Bendix Autolite Corp. v. Midwesco Enters.,
Inc., 486 U.S. 888 (1988); Abramson v. Brownstein, 897 F.2d 389
(9th Cir. 1990).  As neither of the parties has considered the
applicability of the tolling statute to the current case, nor
the constitutionality of such an application, California's
tolling statute is not considered here.

The purpose of the California equitable tolling doctrine is "to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." Addison v. State, 578 P.2d 941, 942 (Cal. 1978).  The doctrine "favors relieving plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage." Id. at 943.

"[T]olling is appropriate where the record shows '(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim.'" Daviton v. Columbia/HCA Heathcare Corp., 241 F.3d 1131, 1137-38 (9th Cir. 2001) (en banc) (citing Collier v. City of Pasadena, 191 Cal. Rptr. 681, 685 (Ct. App. 1983)).  Some courts have described the elements as including: "(1) the plaintiff must have diligently pursued his or her claim," and "(2) the fact that the plaintiff is left without a judicial forum for resolution of the claim must be attributable to forces outside the control of the plaintiff." Hull v. Cent. Pathology Serv. Med. Clinic, 34 Cal. Rptr. 2d 175, 180 (Ct. App. 1994).  The doctrine has been applied to equitably toll the limitations

period during plaintiff's pursuit of a remedy in another forum,
Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir.
1973), where the prior action was discontinued due to, for
example, lack of diversity, Mojica v. 4311 Wilshire, LLC, 31
Cal. Rptr. 3d 887, 888 (Ct. App. 2005), or lack of personal
jurisdiction, Mayes v. Leipziger, 729 F.2d 605, 606 (9th Cir.
1984).

     Generally, the inquiry into equitable tolling can not
proceed at the pleading stage, because it often requires
consideration of matters outside the pleading.  Daviton, 241
F.3d at 1140.  In this case, however, it appears from the face
of the complaint that Miller has failed to satisfy the third
requirement for equitable tolling.  Although "California courts
have not clearly defined 'good faith' for purposes of
determining the applicability vel non of equitable tolling, . .
. 'good faith' is to be used in its plain and ordinary sense,"
and a party's "unwarranted delay" in filing an action is
"neither reasonable nor in good faith."  Ervin v. County of Los
Angeles, 848 F.2d 1018, 1020 (9th Cir. 1988).  Where equitable
tolling was found to apply, the subsequent actions were filed
within two months, Mojica, 31 Cal. Rptr. 3d at 888, or six
months, Cervantes, 5 F.3d at 1274, after the prior action was
discontinued, whereas unreasonable delay was found where the

lapse was one-and-a-half years, <u>Ervin</u>, 848 F.2d at 1020, or
three-and-a-half years, <u>McMahon v. Albany Unified Sch. Dist.</u>,
129 Cal. Rptr. 2d 184, 196 (Ct. App. 2002).

   The Ninth Circuit decision affirming IBM-WTC's dismissal
for lack of personal jurisdiction was on May 27, 2005, but the
complaint here was not filed in the Southern District of New
York until June 13, 2006, more than a year later.  Although
"plaintiff's seeming misanalysis of the facts or the law,
particularly in a relatively esoteric area such as federal
jurisdiction, does not amount to the sort of bad faith found to
thwart equitable tolling," <u>Mojica</u>, 31 Cal. Rptr. 3d at 890,
Miller delayed filing here even after lack of personal
jurisdiction was confirmed by the Ninth Circuit.[7]  Furthermore,
during the entire time the California Action was pending against
IBM-WTC, Miller always had the option to pursue an action
against IBM-WTC in another forum; "plaintiff[] here [was] not
denied a trial on the merits due to any error of the trial
court, but because [he] mistakenly filed suit against [a New
York] defendant[] in [California]."  <u>Gordon v. Law Offices of
Aguirre & Meyer</u>, 83 Cal. Rptr. 2d 119, 124 n.8 (Ct. App. 1999).
Therefore, Miller's argument for equitable tolling is rejected,

_____

[7] Miller suggests that the delay is justified because he was
proceeding <u>pro se</u> until that point and had just retained
counsel, but the time necessary to retain counsel cannot alone
justify the year-long delay.

and all of his claims are barred under the California statute of
limitations.

## Conclusion

For the above reasons, the defendant's motion to dismiss is
granted.

SO ORDERED:

Dated:    New York, New York
          March 8, 2007

_____
                    DENISE COTE
          United States District Judge