UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                   :

RALPH I. MILLER, an individual, and as   :
Successor-in-Interest to Best-of-        :
China.com, Inc., a California            :
Corporation,                             :   06 Civ. 4452 (DLC)
                    Plaintiff,    :

                             :   OPINION & ORDER

          -v-                     :

                             :
IBM WORLD TRADE CORPORATION, IBM/CHINA    :
COMPANY, LTD., and IBM ENGINEERING        :
TECHNOLOGY (SHANGHAI) CO., LTD.,          :
                    Defendants.    :

                             :
----------------------------------------X

Appearances:

For Plaintiff:
Matthew A. Schiappa
Clemente Mueller, P.A.
P.O. Box 1296
218 Ridgedale Avenue
Morristown, NJ 07962-1296

For Defendant IBM World Trade Corporation:
Loren Kieve
Quinn Emanuel Urquhart Oliver & Hedges LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

DENISE COTE, District Judge:

    Plaintiff Ralph I. Miller ("Miller") has timely moved for
reconsideration of the Opinion granting defendant IBM World
Trade Corporation's ("IBM-WTC") motion to dismiss on the ground
that Miller's claims are barred by the statute of limitations.
See Miller v. IBM World Trade Corp., No. 06 Civ. 4452 (DLC),

2007 WL 700902 (S.D.N.Y. Mar. 8, 2007) ("Opinion").  For the following reasons, the motion is denied.

## Background

As described in greater detail in the Opinion, Miller brought claims for breach of contract, fraud, and related claims against various IBM entities, following dissolution of Miller's corporation Best-of-China.com, Inc.  This action followed on the heels of a related action in the Northern District of California (the "California Action"), where the claims against the three defendants named in this action were dismissed for lack of personal jurisdiction.  Over three months after this action was filed, the remaining defendant in the California Action was granted summary judgment.

The Opinion granted defendant IBM-WTC's motion to dismiss.[1] California law applies to this diversity case, and the limitations period had run for all of Miller's claims.  Miller conceded that the limitations period had run, but argued for equitable tolling under California law.  The Opinion found that Miller had failed to show the good faith and reasonable conduct required to toll the statute of limitations.  He had been on

---

[1] The remaining two defendants in this action, IBM/China Company, Ltd. and IBM Engineering Technology (Shanghai) Co., Ltd., were never served.  They were dismissed from this action by an Order issued on the same day as the Opinion.  Miller does not challenge the dismissal of those two defendants.

notice for over three years before filing this action that a
federal court had found no personal jurisdiction over IBM-WTC in
California.  He then delayed over a year after the Ninth Circuit
affirmed that decision to file this action.  See Opinion, 2007
WL 700902, at *4-5.  Miller moves for reconsideration of the
portion of the Opinion rejecting his equitable tolling argument.


## Discussion

A motion for reconsideration should be granted only where
the moving party demonstrates that the Court has overlooked
factual matters or controlling precedent that were presented to
it on the underlying motion and that would have changed its
decision.  See S.D.N.Y. Local Civil Rule 6.3; In re BDC 56 LLC,
330 F.3d 111, 123 (2d Cir. 2003); Chang v. United States, 250
F.3d 79, 86 n.2 (2d Cir. 2001); Shrader v. CSX Transp. Inc., 70
F.3d 255, 257 (2d Cir. 1995).  Reconsideration "should not be
granted where the moving party seeks solely to relitigate an
issue already decided."  Shrader, 70 F.3d at 257.

Rule 6.3 "is to be narrowly construed and strictly applied
in order to discourage litigants from making repetitive
arguments on issues that have been thoroughly construed by the
court."  Zoll v. Jordache Enter. Inc., No. 01 Civ. 1339 (CSH),
2003 WL 1964054, at *2 (S.D.N.Y. Apr. 24, 2003) (citation
omitted).  The moving party may not "advance new facts, issues

or arguments not previously presented to the Court." <u>Geneva
Pharm. Tech. Corp. v. Barr Labs, Inc.</u>, No. 98 Civ. 3607 (RWS),
2002 WL 1933881, at *1 (S.D.N.Y. Aug. 21, 2002) (citation
omitted).  The decision to grant or deny the motion is within
the sound discretion of the district court.  <u>See</u> <u>Devlin v.
Transp. Commc'n Int'l Union</u>, 175 F.3d 121, 132 (2d Cir. 1999).

The plaintiff's motion for reconsideration is denied.
Plaintiff has not pointed to any evidence or argument that he
made that this Court overlooked in issuing the Opinion.  Miller
agrees that the Opinion articulated the correct legal standard.
Instead, Miller repeats arguments on issues that have already
been considered by the Court or seeks to supplement the record
with new facts and arguments.

Miller continues to emphasize that he was proceeding <u>pro se</u>
for much of the California Action,[2] but as the Opinion already
found, being a <u>pro se</u> litigant or the time necessary to retain
counsel do not justify the delay in filing this action.[3]  Miller

---

[2] Miller details the "high volume of complex motion practice" in
the California Action that occupied Miller and later his counsel
between the time of the Ninth Circuit decision and the time this
action was filed.  The details of this activity, however, are
new facts that were not presented by Miller in the underlying
motion practice.

[3] Miller was in fact not proceeding <u>pro se</u> for the entirety of
the relevant period.  Miller adds in this motion for
reconsideration that counsel entered a notice of appearance on
his behalf in the California Action on January 4, 2006, over six
months before this action was filed.  Although Miller also adds

delayed for a year after the Ninth Circuit decision affirming
the dismissal for lack of personal jurisdiction, and the initial
district court decision dismissing for lack of personal
jurisdiction was issued even earlier on December 2, 2002.

Miller also points out that the defendants did not claim
and the Court did not find that Miller acted in "bad faith."
Miller's argument, however, that because his conduct was not in
bad faith of the kind found in Daviton v. Columbia/HCA
Healthcare Corp., 241 F.3d 1131 (9th Cir. 2001), or Mojica v.
4311 Wilshire, LLC, 31 Cal. Rptr. 3d 887 (Ct. App. 2005), it
must be good faith and reasonable conduct, is a new argument not
previously raised.  In fact, Miller did not even raise either
case in his motion papers before the Opinion.  In any event, the
Opinion distinguished the circumstances allowing equitable
tolling in Daviton, where the complaint was filed six months
after resolution of the administrative process, 241 F.3d at
1134, and in Mojica, 31 Cal. Rptr. 3d at 888, where the
complaint was filed two months after dismissal for lack of
subject matter jurisdiction and seventeen days after dismissal
for lack of personal jurisdiction.

Miller claims the delay here was excusable because he was
busy with the California Action, but as Miller acknowledges,

_____

that the filing was further delayed because of counsel's
emergency cardiac bypass surgery in May, this clearly is a new
fact that was not previously raised.

good faith is lacking where "a plaintiff simply allowed the
statute on his second claim nearly to run."  Daviton, 241 F.3d
at 1138.  Miller does not suggest that he was entitled to wait
to file this action until after judgment had been entered in the
California Action, and of course, he did not wait to file this
action for the resolution of his claims against the remaining
defendant in the California Action.  Miller has simply not shown
the good faith and reasonable conduct necessary to support
tolling.

## Conclusion

For the above reasons, the plaintiff's motion for
reconsideration is denied.

SO ORDERED:

Dated:    New York, New York
          May 7, 2007


                              _____
                                    DENISE COTE
                              United States District Judge